460

Pamela GARRETT, A Minor, by Harvey
GARRETT, Her Father and Next Friend, and
Harvey GARRETT, Individually *v* Donald GALLOWAY

77-383                                    565 S.W. 2d 432

Opinion delivered May 15, 1978
(Division I)

*Lohnes T. Tiner*, for appellants.

*F. W. Jeffcoat*, for appellee.

FRANK HOLT, Justice. Appellants initiated this action in Poinsett Circuit Court against appellee to recover damages for personal injuries received by Pamela in a boating accident which occurred on Greers Ferry Lake in Cleburne County. Appellee demurred to the complaint on the basis the court lacked jurisdiction. The trial court sustained appellee's demurrer and dismissed the complaint. Appellants argue, and we agree, that venue for this civil action was properly in Poinsett County since it is the county wherein they resided at the time of the alleged injury.

The circuit courts have original jurisdiction in actions for the "redress of civil wrongs, except when exclusive jurisdiction is given to other courts . . . . " Ark. Stat. Ann. § 22-301 (Repl. 1962). Further Ark. Stat. Ann. § 27-610 (Repl. 1962) reads:

> All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death or in the county where the person injured or killed resided at the time of injury.

Appellee agrees that venue here would have properly been in Poinsett County where appellants reside had the accident occurred on land but asserts that since it happened on a navigable body of water, proper venue was in Cleburne Circuit Court, citing Ark. Stat. Ann. § 21-242 (Repl. 1968). Ark. Stat. Ann. § 21-221 — 21-242 (Act 453 of 1959) is a comprehensive act with respect to the rules, operation, regulations and liability in the ownership and operation of watercraft on state navigable waters. § 21-240 provides that violations of any provisions of the act constitute a misdemeanor. § 21-242 states:

> Jurisdiction to try offenses under this Act [§§ 21-221—21-242] shall be in the courts of the county where the person owning or operating such boat resides, or in the county where the offense is committed or in any county through or by which said boat is being run or operated on the waters of this State at the time of such violation of this Act.

We are of the view that this act vests jurisdictcon in the various circuit courts to try criminal offenses only. We do not think the legislature, by this later act, intended to preempt § 27-610 as to jurisdiction and venue for the redress of a civil wrong. Consequently, the appellants, being residents of Poinsett County, had a choice of bringing their action there. Therefore, the court should have overruled the demurrer.

Reversed and remanded for proceedings consistent with this opinion.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.